The opinion of the coart was delivered by Marr, J., on the original hearing, and by Spencer, J., on tho rehearing-.
Marr, J.
In 1854 Mrs. Mary W. Stewart, wife of Charles S.'Stewart, authorized and assisted by him, purchased a lot of ground, number six, in the square number seven, in the town of Amite, now Amite City. The convej'ance was made to her by notarial act; and, in 1856, it was recorded in the parish in which the property was situated.
Community existed between these parties up to August 2,1861, when *1037 It was dissolved by judgment. In 1867 Mrs. Stewart bought some property of Brooks, and gave him her note for $3000, on account of the price; and by decree of this court, in November, 1874, she was condemned to pay that debt. 26 A. 714.
Brooks died ; and his heirs caused execution to be issued upon that judgment, under which the sheriff seized, and was about to sell the lot number six, when the sale was arrested by injunction, at the suit of the husband, Charles S. Stewart, who alleged that he was the owner of the property, and that it was his homestead; that it does not exceed in value $2000, and that his wife does not own in her own right property to the amount of $1000.
The heirs of Brooks answered by general denial, and they pleaded, specially, that “C. S. Stewart, plaintiff, is estopped from claiming the ownership, and setting up any title to the property described in his petition, having repeatedly and publicly acknowledged the same to be in his wife, M. W. Stewart.”
The district judge having recused himself, the case was tried by James H. Muse, Esq., a member of the bar, judge acl hoc. The judgment was in favor of plaintiff, perpetuating the injunction; and the defendants appealed.
It was proven that the lot number six wasi purchased during the existence of the community; that its value does not exceed $2000; that the wife does not own property to the amount of $1000; that there are several children of the family; and that the family residence is on this lot.
We do not think it necessary to decide whether the property situated in a town would be exempt under the homestead law; because, if it belongs to C. S. Stewart, it is not liable to seizure under execution on a judgment against his wife, for her separate debt; and, if it does not belong to him, he can not oppose the sale and claim the benefit of the homestead exemption.
The notarial title in the name of Mrs. Stewart was-offered in evidence, and a copy of the judgment in 1861, dissolving the community. Copy of the decree of this court, as reported in 26 A. 714, was also introduced; and the returns for a series of years made by Stewart and his wife to the tax collectors, showing that Stewart returned as his entire real estate certain lots of small value, and that Mrs. Stewart returned the lot number six. Called as a witness, Stewart said the property was assessed in the name of Mrs. Stewart because the title was taken in her name; that the purchase was made during the existence of the community, and that he paid the taxes.
Defendants also offered in evidence a copy of a mortgage, granted by Mrs. Stewart, authorized and assisted by her husband, on this lot *1038 and several others, to secure to William Acy $2000, “cash loaned to her for her separate and individual benefit.” This act is dated April 8,1867 ; and it was recorded on the twenty-seventh April.
Several bills of exception were taken during the trial to the ruling of the court in admitting the testimony offered by defendants. It is not necessary to notice them in detail. It suffices to say that all the evidence thus offered tended to show title in the wife, and recognition and public acknowledgment of her title by the plaintiff, her husband ; and it was properly received.
No part of the proceedings in the suit for dissolution of the community was offered, except the judgment. It decreed that the community be dissolved ; that plaintiff have the administration of her separate estate, and of such property as she might thereafter acquire ; that there be judgment of nonsuit on her “demand for money, slaves, and land,” reserving to her the right to establish her claim to the money and property in a future suit.
As this judgment in no way indicates what money or slaves or land the wife claimed, it is of no value, except to show the simple fact that such a judgment was rendered on the second August, 1861.
Plaintiff relies solely on the legal presumption that all property purchased during the existence of the community belongs to the community ; and the judge ad hoc based his judgment on that presumption. We have frequently had occasion to say that this, like all other more presumptions, may be rebutted by proof. It is certainly not sufficient in this caso to establish title in the husband.
Eor nearly a quarter of a century this property has stood upon the public records in the name of the wife; and nearly seventeen years have elapsed since, by solemn judgment, the husband and wife were separated in property. Luring this long period her title has not been attacked or questioned, so far as the record informs us. If this were a suit by a creditor of the husband to subject the property as his, it would be manifestly unjust to require of her the same strictness of proof now that would have been proper when the acquisition by her was recent, and when she might have proven by witnesses now dead, or beyond her reach, that she made the purchase with her own paraphernal means, administered by herself exclusively.
But that is not the question we are dealing with. The husband, in order to shield the property from the just pursuit of his wife’s separate creditors, asks the court to presume that the conveyance to his wife, in 1854, to which he was a party, was a mere sham, a false pretense; that in 1867 he authorized and assisted her in an act of mortgage to secure a loan for her separate, individual benefit, and thus made himself a party to a false assumption of ownership ; and that from year to year in the *1039 annual returns of the property for taxation he contributed actively to the repeated, public, false assertion of ownership ; thus interposing a barrier to the pursuit of the property by his own creditors.
The reported decisions of this court teem with cases in which, upon the mere legal presumption resulting from the date of the acquisition, property the title to which was in the name of the wife has been subjected to the debts of the community. This is the first case which has fallen under our observation in which the husband has sought to arrest the sale of property standing in the wife’s name, at the suit of her creditors, or has asserted title in himself for any purpose on this mere legal presumption. See Meadows vs. Dick, 13 A. 377.
This whole proceeding is bad in law, and equally bad in morals. If the wife is not really the owner of this property, the husband has done all that he could to establish and confirm the ownership in her, and to mislead the public as to the real ownership. If her title is apparent, not real; if it rests upon a basis of false pretenses and assumptions, the husband’s hand must not be the first that is raised to strike down the fabric of which he was the chief architect.
Defendants have prayed for the statutory damages, twenty per cent on the amount enjoined ; but they did not introduce the writ under which the seizure was made, nor offer any evidence which would enable us to ascertain the amount on which damages should be estimated. They are clearly entitled to damages for the abuse of the process of injunction; and their right to sue for and recover them must be reserved.
The judgment of the district court is therefore annulled, avoided, and reversed; and it is now ordered, adjudged, and decreed that the injunction granted in this case be dissolved; that the demand of plaintiff be rejected, and his suit be dismissed ; that the right of defendants to proceed against the plaintiff and his sureties on the injunction bond for damages for the wrongful obtaining of the injunction be reserved; and that the said Charles S. Stewart, plaintiff and appellee, be condemned to pay all the costs of this proceeding in this court and in the district court.